OPINION
Defendant-Appellant, Quincy Lamar Brownlow ("Appellant"), appeals the decision of the Allen County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we reverse the judgment of the court below.
The pertinent facts of the case are as follows. On December 24, 1991, Appellant was arrested by the Lima City Police for the offenses of kidnapping (R.C. 2905.01), felonious assault (R.C.2903.11), and attempted rape (R.C. 2923.02 and R.C. 2907.02). Appellant was arraigned on January 27, 1992. On that date, Appellant entered a plea of not guilty to all counts.
Pursuant to a negotiated plea agreement, on February 6, 1992, Appellant changed his plea and pleaded guilty to the charges of attempted kidnapping and felonious assault.[1] Appellant was sentenced to three to fifteen years in prison for each offense. The trial judge ordered that the sentences run concurrently.
While serving his term in prison, the Ohio Department of Rehabilitation and Correction recommended that Appellant be classified as a sexual predator. A hearing was then held on December 29, 1998, in the Allen County Court of Common Pleas. On January 6, 1999, the trial court found by clear and convincing evidence that Appellant was a sexual predator.
Appellant now appeals, asserting the following two assignments of error.
ASSIGNMENT OF ERROR NO. I
 Ohio Revised Code Chapter 2950 et. seq., as applied to defendant-Appellant, is unconstitutional in that it violates defendant's protections of Section I, Article I and Section 16, Article I of the Ohio Constitution as described in State v. Williams, Lake Appellate No. 97-L-191, Court of Appeals, 11th District, Unreported. [sic]
ASSIGNMENT OF ERROR NO. II
 The trial court's determination that Defendant was a sexual predator, as defined in O.R.C. § 2950.01(E), is contrary to the manifest weight of the evidence.
For purposes of clarity and brevity, we will address Appellant's second assignment of error first.
Appellant asserts in his second assignment of error that the trial court erred in finding that he is a sexual predator within the meaning of R.C. 2950 et. seq. Specifically, Appellant maintains that the trial court's decision is against the manifest weight of the evidence. For the following reasons, we agree.
The Supreme Court of Ohio has held that in determining whether a verdict is against the manifest weight of the evidence, appellate courts shall:
 [Review] the entire record, [weigh] the evidence and all reasonable inferences, [consider] the credibility of witnesses and [determine] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
R.C. 2950.01(E) defines the term "sexual predator" as follows:
 'Sexual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(C)(2) states that after reviewing all testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." The Supreme Court of Ohio in Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, stated the following with respect to the term "clear and convincing evidence":
 [It] is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
In the case before us, Appellant pleaded guilty to one count of attempted kidnapping and one count of felonious assault. Each of these offenses falls within the meaning of a "sexually oriented offense," as described in R.C. 2950.01(D)(3), only when the offense "is committed with a purpose to gratify the sexual needs or desires of the offender." See R.C. 2950.01(D)(3). We must now determine whether the trial court's determination that Appellant committed a sexually oriented offense within the meaning of R.C.2950.01(D)(3) is against the manifest weight of the evidence.
The only evidence before this Court relating to whether Appellant committed a sexually oriented offense is the brief statement of facts contained within the trial court's judgment entry of January 6, 1999. The judgment entry merely states that "the defendant took the female victim into a residence by force and ordered her to remove her clothes."
While the record before this Court does contain some evidence of compliance with the statutory requirements of R.C.2950.01(D)(3), we cannot in good conscience say that the record contains clear and convincing evidence to support the trial court's determination that Appellant committed a sexually oriented offense. For these reasons, we find that the trial court erred in finding that, by clear and convincing evidence, Appellant was a sexual predator.
Accordingly, Appellant's second assignment of error is well-taken and is sustained. Because we sustain Appellant's second assignment of error, we need not address Appellant's first assignment of error at this time. The judgment of the trial court is hereby reversed, and this cause is remanded to the trial court for further proceedings consistent with this opinion.
Judgment reversed.
BRYANT, P.J., and WALTERS, J., concur.
[1] Pursuant to the plea negotiations, the charge of attempted rape was dismissed by the State.